# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHARLES W. SIRAGUSA, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO. 2:09-CV-328-TLS ) ) |
| ADVANCE FINANCIAL FEDERAL CREDIT UNION, | ) ) ) |
| Defendant. | ) ) |

## ADOPTION OF REPORT AND RECOMMENDATION, FINAL APPROVAL ORDER, AND JUDGMENT

This matter is before the Court for final approval of the Class Action Settlement and Release (Settlement Agreement) [DE 17-1] and on a Report and Recommendation [DE 28], submitted on July 9, 2010, by United States Magistrate Judge Andrew P. Rodovich. This final approval is jointly requested by the Plaintiff, the Class Members, and the Defendant.

On June 28, 2010, the Court referred this case to Magistrate Judge Andrew P. Rodovich for the purposes of conducting a final approval hearing on the fairness, reasonableness, and adequacy of the class action settlement agreement, and submitting proposed findings of fact and recommendations for the Court's final approval of the parties' class action settlement agreement, pursuant to 28 U.S.C. § 636(b)(1)(B), N.D. Ind. L.R. 72.1(c), and Fed. R. Civ. P. 23(e). On July 8, Judge Rodovich conducted such a hearing, and on July 9, he submitted a Report and Recommendation, which notes that no objections have been raised to the proposed settlement and that no person appeared at the scheduled hearing to object to the proposed settlement. Consequently, Judge Rodovich has recommended that the Proposed Final Approval Order and

Judgment [DE 21-4] tendered with the Plaintiff's Memorandum in Support of Final Approval of the Parties' Class Action Settlement Agreement [DE 21] be approved by the Court.

This Court's review of a magistrate's report and recommendation is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

The statute permits objections to the magistrate's report and recommendation to be made within fourteen days of service of a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b) (setting forth procedures for objecting to a magistrate's report and recommendation and the district court's resolution of any objections).

As of the date of this Order, no objection to the Report and Recommendation has been filed, and the time for making objections has now passed. Having reviewed the Report and Recommendation, the Court ADOPTS the Report and Recommendations [DE 28] in its entirety and ACCEPTS the recommended disposition.

The Court, having considered the materials submitted to the Court and the proceedings had in this matter to date and being duly advised, FINDS as follows:

1. This Court has jurisdiction over the subject matter of this lawsuit, the Class Representative, the Class Members, and the Defendant;

2. Notice was given to the Settlement Class as set forth in the Settlement Agreement;

3. The dissemination of Notice, as provided for in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of Fed. R. Civ. P. 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law;

4. No members of the Settlement Class opted out of the Settlement Agreement;

5. No members of the Settlement Class objected to the Settlement Agreement;

6. The Settlement Agreement is fair, reasonable, and adequate.

7. Proper and timely notice to state and federal officials in Indiana has been provided as required by the Class Action Fairness Act of 2005 (CAFA Notice) and ninety days or more have passed since the CAFA Notices were served.

Therefore, it is hereby ORDERED AND ADJUDGED:

8. That all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

9. That the Settlement Agreement is finally approved, and the Parties shall implement it pursuant to its terms;

10. That, except as to any person who has timely and effectively requested exclusion from the Settlement Agreement, the Court hereby dismisses with prejudice this lawsuit, all claims contained therein and all Released Claims and, in accordance with Fed. R. Civ. P. 54(b), finds that there is no just reason for delay, and orders the entry of a Final Judgment; and

11. That this Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Settlement Agreement or Judgment;

12. That Plaintiff's request for $15,000.00 in attorney's fees and costs is hereby approved as reasonable and, except as provided in the Settlement Agreement or herein, the Parties are to otherwise bear their own attorney's fees and costs; and

13. That this Court bars and permanently enjoins all Class Members, except any person who timely and effectively requested exclusion from the Settlement Agreement, from instituting or prosecuting any action or proceeding, whether class or individual, against the Defendant for liability based upon the Released Claims.

SO ORDERED on July 28, 2010.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION